CHINO HERNANDEZ v. THE STATE.

No. 12936. Delivered January 22, 1930.
Reported in 24 S. W. (2d) 60.

The opinion states the case.

*L. D. Stroud* of Beeville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year and one day in the penitentiary.

There are several bills of exception, each of which has been examined, but none of which show error. The answer expected from the witness, objection to which by the State was sustained, is not set out in bill of exception No. 1. The testimony whose reception is complained of in the other bills, was admissible as showing the intoxication of the witness who testified that he bought liquor from appellant on the occasion in question. Two of the bills seem to be in question and answer form.

Appellant argues ably and ingeniously the proposition that the State's case against him of possession of intoxicating liquor for purposes of sale, is not made by proof of his possession of a bottle of whisky and of the sale of same. The facts show that an eighteen year old Mexican boy and his sixteen year old brother went to the home of appellant on the occasion in question, and asked him if he had any tequila. He replied that he did not but had some whiskey. They bought from him a bottle of supposed whisky, which they drank, the older boy becoming very drunk. We are not able to assent to the proposition advanced by appellant as above referred to. Proof of possession of any quantity of intoxicating liquor will support the conclusion of guilt if it be shown that same was possessed for the purpose of sale; and we know of no more cogent evidence of the purpose of such possession than proof of the fact that it was actually sold by the accused. We do not think any of the authorities cited in appellant's brief are in point. To some extent our discussion in the case of Gandy v. State, 99 Texas Crim. Rep. 144, bears upon the question now referred to.

While there is no proof of the fact that appellant had other whisky in his possession than the bottle which he sold and delivered on the occasion in question, the question of whether he possessed said liquor for the purpose of sale, is for the jury. Their conclusion that he possessed it is unquestionably borne out by proof of possession, and their conclusion that his possession was for the purpose of sale, is borne out by the fact of sale. We see no reason for doubting the sufficiency of the testimony.

No error appearing, the judgment will be affirmed.

*Affirmed.*